BRIGHAM *v.* COFFIN *et al.*

(*Circuit Court, D. Massachusetts.* February 15, 1889.)

PATENTS FOR INVENTIONS—INVENTION—PRINTING ON RUBBER.
    The specifications in letters patent No. 283,057, August 14, 1883, to F. E. Aldrich, state that the invention consists in a fabric composed wholly or partly of rubber having useful or ornamental designs printed or stamped on one or both surfaces with an ink or compound of a different color, by means of rollers, blocks, or in any other suitable manner, the ink or compound preferably containing rubber, caoutchouc, or the like. The ink or compound is disclaimed. Rubber fabrics having ornamental figures printed on them are described in the Dunbar & Lothrop patent of December 14, 1875, and the patent of March 30, 1880, to Brigham and others. *Held* that, as the alleged improvement consisted only in printing upon the fabric with a different kind of ink, the patent is void for want of invention.

In Equity.
Suit by Wilbur F. Brigham, trustee, against Judson H. Coffin and others, for the infringement of a pr'nt.
*Thomas W. Clarke,* for complainant.
*James E. Maynadier,* for defendants.

COLT, J. The patent in suit is No. 283,057, dated August 14, 1883, and granted to Frank E. Aldrich, for an improvement in rubber cloths or fabrics. The specification states:
"My invention relates more especially to means for ornamenting the cloth or fabric; and it consists in a rubber cloth or fabric composed wholly or in part of rubber, having one or both of its surfaces provided with useful or ornamental designs or figures printed or stamped thereon with an ink or compound of a different color or shade from the body of the fabric by means of rollers, blocks, or in any other suitable manner, the ink or compound prefer-

;.bly containing rubber, caoutchouc, gutta-percha, or some analogous material, as hereinafter more fully set forth and claimed. In carrying out my invention I take an ordinary rubber cloth, preferably gossamer rubber cloth, or any fabric composed wholly or in part of rubber, and print or stamp its finished surface or surfaces with an ink or compound of a different color or shade from the body of the goods by means of engraved rollers, blocks, types, dies, or in any other suitable manner. I deem it preferable, however, to use rollers, one or more being employed, according to the number of colors to be applied, and the cloth passed in cuts through the printing-machine after the manner of printing calico and similar goods."

The prior Dunbar & Lothrop patent of December 14, 1875, exhibits a rubber cloth, having on its surface ornamental designs or figures. The patent issued to Brigham and others, March 30, 1880, was for an improvement in water-proof fabrics, and the specification states that the invention consists of a light, thin, woven fabric, covered with a water-proofing of rubber composition, printed with ornamental colors and figures to resemble ordinary dress or similar goods. The composition is spread upon the cloth in the manner well known in the art, and forms a basis for receiving the colors, and holding them in sharp, clear lines, without running or blurring, so as to make well-defined and ornamental figures. On this prepared surface there is printed, in colors suited thereto, such figures and shades as may be desired. From these two patents it is manifest that the printing of ornamental designs upon rubber cloth was old at the date of the Aldrich invention. If the patent can be sustained it must be on the ground that Aldrich was the first to print or stamp rubber cloth with an ink or compound containing rubber, gutta-percha, or some analogous material. In his specification he states that he does not claim the ink or printing compound, as he proposes to make it the subject-matter of another patent. Bearing in mind the prior state of the art, I do not think this patent can be sustained. The claims of the patent are not for an improved mechanism, but for an improved article of manufacture, which consists in printing ornamental figures upon a rubber fabric with a colored ink composed in part of rubber. Rubber cloth had previously been ornamented by printing upon it with one kind of ink, and in my opinion it cannot be said to constitute invention to print upon it with another kind of ink. The bill should be dismissed.